# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PIKE COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-206 |
| v. | (JUDGE CAPUTO) |
| CHESAPEAKE OPERATING, INC., et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff The Pike Company, Inc. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff filed this action on January 28, 2013. Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1 at ¶ 7.) Plaintiff alleges that Defendant Access Midstream Partners, LP ("AMP") "is organized under the laws of Delaware with its principal place of business in Oklahoma City, Oklahoma." (*Id.* at ¶ 4.) Plaintiff also alleges that Defendant Appalachia Midstream Services, LLC ("AMS") "is organized under the laws of Oklahoma with its principal place of business in Oklahoma City, Oklahoma." (*Id.* at ¶ 5.) Plaintiff further alleges that Defendant Access Midstream Operating, LLC ("AMO") "is organized under the laws of Oklahoma with its principal place of business in Oklahoma City, Oklahoma." (*Id.* at ¶ 6.)

## II. Discussion

Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000)

and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### A. Limited Partnership Defendant

In this case, Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of AMP, a limited partnership. Unincorporated associations, such as partnerships, are not considered "citizens" of a state as that term is defined in the diversity statute. *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 419 (3d Cir. 2010); *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179, 182 (3d Cir. 2008) ("*Swiger III*").* "Given that partnerships are not citizens for diversity purposes, the Supreme Court has long applied the rule of *Chapman v. Barney:* that courts are to look to the citizenship of all the partners (or members of the unincorporated associations) to determine whether the federal district court has diversity jurisdiction." *Swiger III,* 540 F.3d at 182 (citing *Chapman v. Barnery,* 129 U.S. 677, 682, (1889)). Thus, in the context of partnerships, the complete diversity requirement demands that all partners

2

be diverse from all parties on the opposing side. *Swiger III,* 540 F.3d at 183 (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 n. 1, 126 S.Ct. 606, 163 L.Ed.2d 415 (2006)).

Here, the Complaint alleges that AMP was formerly known as Chesapeake Midstream Partners, LP ("CMP"), which, at relevant times, "was a subsidiary and/or affiliate of [Defendant Chesapeake Operating, Inc. ('COI")] and/or [Defendant Chesapeake Energy Corporation ("CHK")]." (Doc. 1 at ¶ 4.) It further alleges that, at relevant times, CHK had an ownership interest in CMP until June 29, 2012. (*Id.*) To properly plead AMP's citizenship, Plaintiff must allege the identities and citizenship of all of AMP's partners. Thus, this Court finds that the Complaint has not properly demonstrated AMP's citizenship for purposes of diversity jurisdiction.

### B. Limited Liability Company Defendants

Plaintiff's Complaint also fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the two Limited Liability Companies: AMS and AMO. "The citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *Federal Procedure, Lawyers Edition* § 1:176 (2011). Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Plaintiff alleges that AMS and AMO are owned by AMP. (Doc. 1 at ¶¶ 4–6). Because the Complaint has not properly demonstrated AMP's citizenship for purposes of diversity jurisdiction, it has also failed to properly demonstrate the citizenship of AMS and AMO for purposes of diversity jurisdiction. Therefore, the Court cannot determine whether diversity jurisdiction applies to these entities.

### III. Conclusion

Because Plaintiff has not shown that there complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to amend and show that diversity of citizenship jurisdiction exists. Plaintiff will be given twenty-one (21) days in which to file a newly-amended complaint. Failure to do so will result in this action being dismissed.

An appropriate order follows.


February 4, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge